IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN DAVIS WARD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION<br><br>Case No. 2:02-CR-769 TS |

Defendant is serving a 121-month federal sentence. By his Motion to Amend, Defendant challenges the Bureau of Prisons' determination that he is ineligible for early release under 18 U.S.C. § 3621(e)(2)(B).

The Court, having considered Defendant's Motion, finds that it should have been filed as a Petition under 28 U.S.C. § 2241, because it primarily alleges violations of due process in the execution of the court-imposed sentence.[1] Section 2241(a) provides that

---

[1] *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") and *Cathcart v. United States Bureau*

1

a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions." Defendant is confined in New Mexico. The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined*."[2] The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C.§ 2241(b).

In this case, Defendant has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined. Because it was filed as a Motion rather than a Petition, Defendant has not paid the filing fee necessary to file such a Petition, nor has he moved to proceed with a 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer. Accordingly, it is

ORDERED that Defendant's Motion to Amend (Docket No. 33) is DENIED WITHOUT PREJUDICE to its refiling as a Petition under U.S.C. § 2241 in the federal district court in the district where he is currently confined. Defendant is reminded that he must first exhaust his administrative remedies before filing any such petition.

---

*of Prisons*, 211 F.3d 1277 (10th Cir. 2000) (affirming denial of § 2241 petition challenging BOP's refusal to credit time spent in federal custody to his federal sentence, in addition to his state sentence).

[2]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).

DATED July 1, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge